1

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

United States District Court
Southern District of Texas
FILED

AUG 0 1 2000

Michael N. Milby
Clerk of Court

BENITO YBARRA,                          )

    Defendant/Movant,               )

            v.                    ) Case No. I:99CR00362-SI-003

UNITED STATES OF AMERICA,                )

    Plaintiff/Respondent.           )

B-00-119

---

MOTION TO VACATE, SET ASIDE, OR CORRECT
SENTENCE BY A PERSON IN FEDERAL CUSTODY
FILED PURSUANT TO TITLE 28 U.S.C. § 2255

Movant's prison (BOP) No.  86763-079

Movant's current place of confinement is: F.C.I. - Medium. P.O. Box 26040,

Beaumont, Texas 77720-6040.

1.    Name and location of the court which entered the judgment of conviction

    under attack:  The United States District Court for the Southern District

    Texas.

2.    Date of judgment of conviction:  January 25th 2000.

3.    Length of sentence:  70 months.

4.    Nature of offense involved:  Possession With Intent to Distribute Marijuana

5.    What was your plead?  Guilty.

6.    If you pleaded not guilty, what kind of trial did you have?  N/A.

7.    Did you testify at trial?  N/A.

8.    Did you appeal from the judgment of conviction?  NO.

9.    If you did appeal, answer the following:  N/A.

Ybarra–page 1

10. Other than a direct appeal from the judgment and sentence, have you previously filed any petition, application, or motion with respect to this judgment in any court?  NO.

11. If the answer to 10 was "yes," give the following information:  N/A.

12. State concisely every ground on which you claim that you are being held in violation of the constitution, laws or treaties of the United States, Summarize briefly the facts supporting each ground.  If Necessary, you may attach pages stating additional grounds and facts supporting the same.

A. Ground one:  Ineffective assistance of counsel.

Supporting FACTS:

**COUNSEL WAS INEFFECTIVE ASSISTANCE OF COUNSEL**

**FOR FAILURE TO PROPERLY OBJECT TO, AND APPEAL,**

**MOVANT'S OFFENSE LEVEL COMPUTATION**

**(See, supporting memorandum).**

13. If any of the grounds listed in 12 A, were not previously presented, state briefly what grounds were not presented, and give your reasons for not presenting them:  None of the grounds discussed in this brief have previously been presented due to counsel's ineffectiveness.

14. Do you have any petition or appeal now pending in any court as to the judgment under attack?  NO.

15. Give the name and address, if known, of each attorney who represented you in the following stages of judgment under attack:  At all stages, Movant was represented by:

> **Irvin Sheldon Weisfeld**
> **1324 E. Seventh St.**
> **Brownsville, Texas 78520**
> **(956) 546-2727**

16. Were you sentenced on more than one count of an indictment, or on more than

**Ybarra-page 2**

CSNPDF - www.testio.com

one indictment, in the same court at approximately the same time?  NO.

17.    Do you have any further sentence to serve after you complete the sentence
        imposed by the judgment under attack?  NO.


Wherefore, Movant, prays that the court grant Petitioner relief to which he may be
entitled in this proceeding.


I declare under the penalty of perjury that the foregoing is true and correct.


Executed on this 17th day of July, 2000.


                                                    _Benito Ybarra_
                                                    BENITO YBARRA
                                                    Reg. #86763-079
                                                    F.C.I. - NB-404
                                                    P.O. Box 26040
                                                    Beaumont, TX 77720


**Ybarra-page 3**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS

BENITO YBARRA,                          )

    Defendant/Movant,                  )

                v.            ) Case No. 1:99CR00362-SI-003

UNITED STATES OF AMERICA,               ) SUPPORTING MEMORANDUM

    Plaintiff/Respondent.              )

---

## MOVANT'S MEMORANDUM OF LAW AND SUPPORTING
## FACTS IN SUPPORT OF MOTION TO VACATE, SET
## ASIDE OR CORRECT SENTENCE BY A PERSON IN
## FEDERAL CUSTODY, FILED PURSUANT TO
## TITLE 28 U.S.C. § 2255

### I

### INTRODUCTION

**COMES NOW,** Benito Ybarra, pro se Defendant/Movant in the foregoing Motion filed pursuant to the Federal Rules of Civil Procedure, Title 28 U.S.C. § 2255, hereby, timely filing this Motion in compliance with the one-year limitation of the (AEDPA) Antiterrorism and Effective Death Penalty Act.

### II

### STATEMENT OF CASE AND
### COURSE OF PROCEEDING AND DISPOSITION

On the 17th day of August, 1999, Movant was arrested on a one-count indictment for violating Title 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 18 U.S.C. § 2.

On the 8th day of February, 2000, the Court dismissed the original indictment as to all defendants, due to the defendants pleading guilty to counts in the

Ybarra—page 4

supersiding indictment.

On the 25th day of January, 2000, Movant pled guily to Count 3 of the supersiding indictment.  Possession With Intent To Distribute Marijuana.

On the 1st day of May, 2000, Movant was sentenced to 70 months, and a term of supervised release.

No direct appeal was filed in behalf of Movant.

Currently, Movant is incarcerated at F.C.I. Beaumont, Texas.


### III

### ARGUMENT


## MOVANT WAS DENIED EFFECTIVE ASSISTANCE
## OF COUNSEL IN VIOLATION OF THE FIFTH AND
## SIXTH AMENDMENTS TO THE UNITED STATES CONSTITUTION


### STANDARD OF REVIEW

THE COURT reviews a claim of ineffective assistance of counsel under the standards announced by the Supreme Court in, **Strickland v. Washington**, 466 U.S. 668, 80 L.Ed.2d 674, 104 S. Ct. 2052 (1984), First, a petitioner must demonstrate that counsel's representation fell below an objective standard of reasonableness: Second, if counsel was ineffective, the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  It is well established by **Strickland**, and its predecessors, that not only counsel's unprofessional "acts" but his "omissions" as well can be cause for ineffective assistance of counsel.

The Supreme Court held in, **Holloway v. Arkansas**, 435 U.S. 475, 55 L.Ed.2d 426, 98 S. Ct. 1173 (1978), that, "the Sixth Amendment's guarantee of the assistance of counsel is among those constitutional rights so basic to a fair trial that

their infractions can never be treated as harmless."

According to, **United States v. Frady**, 456 U.S. 152, 71 L.Ed.2d 816, 102 S. Ct. 1584 (1982), a petitioner who raises a constitutional of jurisdictional issue for the first time on collateral review must show both cause for his procedural default and actual prejudice due to such errors.

It is well settled that, "the Frady "cause and prejudice" standard applicable to habeas corpus petitioners did not apply to ineffective assistance of counsel claim raised in postconviction motion to vacate sentence and, therefore, defendant was not required to show cause and prejudice with respect to his failure to raise claim on direct appeal." **United States v. Derewal**, 10 F.3d 100 (3rd Cir. 1993).

The Fifth Circuit has ruled that a "waiver in plea agreement of right to appeal did not apply to claim of ineffective assistance of counsel." **United States v. Henderson**, 72 F.3d 463 (5th Cir. 1995).

It is well established that a criminal defendant "cannot waive right to appeal a sentenced that has not yet been imposed." **United States v. Raynor**, 989 F.Supp. 43 (D.D.C. 1997).

## ISSUE (A)

### COUNSEL WAS INEFFECTIVE ASSISTANCE OF COUNSEL FOR FAILURE TO PROPERLY OBJECT TO, AND APPEAL, MOVANT'S OFFENSE LEVEL COMPUTATION

### ARGUMENT

Movant contends that the Court abused its discretion by denying Movant -3 points for acceptance of responsibility.

According to Movant Presentence Investigation Report (PSI), page 4, paragraph 13, "The Court was informed of a written plea bargain agreement which called for the government to recommend that he (Movant) receive full credit for acceptance of responsibility, be sentenced at the low end of the applicable  sentencing

CMPDF - www.faxss.com

guideline range, and dismissal of the remaining counts.  The government further
agreed that the defendant may be eligible for the safety valve provision."

(See, page 4, ¶ 13, of Movant's (PSI) Exhibit (A).

Also see, page 18, paragraph 83, where is states, "If the Court accepts the
government's recommendation to grant the defendant credit for acceptance  of
responsibility (-3), the total offense level would be twenty-three (23) resulting
in a guideline range of imprisonment of between fifth-one (51) to sixty-three (63)
months..."

(See, page 18, ¶ 83, of Movant's (PSI) Exhibit (B).

Movant contends that the Court's reasoning for denying Movant the (-3) points
for acceptance of responsibility is in direct conflict with the statute governing
acceptance of responsibility, Title 18 U.S.S.G. § 3E1.1, and in conflict with
Movant's plea agreement, and in conflict with the recommendations in Movant's
(PSI).

The government stated on page 11, of Movant's (PSI), that, "Because Mr. Ybarra
used cocaine and marijuana after the date of the instant offense, it appears he
has failed to accept responsibility for the offense because of his continual
criminal conduct."

Movant contends that the above is not grounds for denying Movant a (-3) point
sentence reduction for acceptance of responsibility.  The government quoted
§ 3E1.1(a), application note 1(a), for its grounds for denying Movant the (-3)
points.  However, neither the quoted section nor any other section of § 3E1.1,
allows the Court to deny Movant the (-3) point for the grounds stated in the (PSI).

Movant contends that testing positive for drugs while on pretrial release
has absolutely noting to do with acceptance of responsibility for the instant
offense as described in § 3E1.1.  Therefore, the Court should resentence Movant
minus the (3) points for acceptance of responsibility, which would be a level
(23).  This would reduce Movant's sentence to (51) months.

Ybarra-page 7

In addition to the (-3) points for acceptance of responsibility, Movant contends that his role in the offense was minimal, and according to the United States Sentencing Guidelines § 3B1.2(a), Movant should received an additional (-4) level reduction for minimal participant in any criminal activity.

A reading of Movant's Presentence Investigation Report (PSI), will explain Movant's minimal participation in the instant offense.  Page 10, ¶ 34, of Movant's (PSI), clearly indicate that Movant transported one load of marijuana, which he was to be paied $300, which Movant never received due to his arrest.  A reading of the (PSI) will clearly show that Movant was just a delivery boy in one transaction, that he didn't even get paid for.

(See, page 10, ¶ 34 of Movant's (PSI) Exhibit (C)).

Therefore, Movant contends that he should received a (-4) point reduction in his base offense level for minimal participant in accordance with U.S.S.G. § 3B1.2(a).

In addition to the above, Movant contends that he qualifies for the safety valve provision. The safety valve provision is governed under Title 18 U.S.C. § 3553(f), which describes five (5) factors a criminal defendant acused of a drug crime under Title 21 U.S.C. § 841, 844, 846, must meet in order to qualify for the safety valve provision.

Movant contends that he meets all five (5) factors outlined in § 3553(f), and therefore, he should receive the safety valve provision, in addition to the above listed sentencing corrections.

Movant contends that had his counsel been acting in his behalf in accordance with the Sixth Amendment, counsel would have filed a direct appeal in regards to the above argument, and because of counsel's unprofessional actions, Movant's Fifth Amendment due process rights have suffered by the increased length of sentence.

Movant further contends that the government would suffer no prejudice by granting the relief requested in this motion.

Ybarra—page 8

CM4PDF - www.texisi.com

## I V

## C O N C L U S I O N

Movant asserts that the foregoing presents a valid argument worthy of review by this Honorable Court. Movant's ISSUE is clear and concise and supported by the United States Sentencing Guidelines and Statutory Law. Therefore, the Court should grant Movant the relief requested in this Motion. Movant contends that the Court should vacate Movant's sentence and remand this case for resentencing in accordance with the corrections outlined in this Motion.

Respectfully submitted,

*Benito Ybarra*

BENITO YBARRA
Reg. #86763-079
F.C.I. - NB - 404
P.O. Box 26040
Beaumont, TX 77720

# C E T I F I C A T E   O F   S E R V I C E

I, Benito Ybarra, pro se Defendant/Movant, in the foregoing Motion, hereby

declare that I mailed the original and two true and correct copies of said

Motion to the following:

Clerk of the Court
U.S. District Court
Southern District of Texas
Brownsville Division
P.O. Box 2163
Brownsville, Texas 78522

on this 17th day of July, 2000.

BENITO YBARRA
Reg. #08119-062
F.C.I. - NB - 404
P.O. Box 26040
Beaumont, TX 77720

Ybarra-page 10

〔Exhibit (A)〕

12.   On January 25, 2000, Juan Octavio Cienfuegos-Ramirez appeared before U.S. District Judge
      Hilda G. Tagle and pled guilty to Count 3 of the superseding indictment. The Court was
      informed of a written plea bargain agreement which called for the government to recommend
      that he receive full credit for acceptance of responsibility and be sentenced at the low end of
      the applicable sentencing guideline range. Additionally, the government stipulated to a
      reduction of up to one-third (1/3) off his sentence based on substantial assistance and
      dismissal of the remaining counts. After accepting the defendant's plea of guilty, the Court
      set sentencing for May 1, 2000, at 9:00 a.m.

13    On January 25, 2000, Benito Ybarra appeared before U.S. District Judge Hilda G. Tagle and
      pled guilty to Count 3 of the superseding indictment. The Court was informed of a written
      plea bargain agreement which called for the government to recommend that he receive full
      credit for acceptance of responsibility, be sentenced at the low end of the applicable
      sentencing guideline range, and dismissal of the remaining counts. The government further
      agreed that the defendant may be eligible for the safety valve provision. After accepting the
      defendant's plea of guilty, the Court set sentencing for May 1, 2000, at 9:00 a.m.

14.   On February 1, 2000, Manuel Mares-Martinez appeared before U.S. District Judge Hilda G.
      Tagle and pled guilty to Count 1 of the superseding indictment. The Court was informed of
      a written plea bargain agreement which called for the government to recommend that he
      receive full credit for acceptance of responsibility, be sentenced at the low end of the
      applicable sentencing guideline range, and dismissal of the remaining counts. After accepting
      the defendant's plea of guilty, the Court set sentencing for May 1, 2000, at 9:00 a.m.

      The Offense Conduct

15    The following information was gathered from the government's case materials, the
      prosecution report, and supplemental Drug Enforcement Administration (DEA) and U.S.
      Customs reports. Additional information was gathered through interviews with agents from
      both the DEA and U.S. Customs. The case was developed through the use of undercover
      agents, confidential informants (CI), video taped surveillance, arrests of indicted conspirators,
      and the seizure of drugs.

16    The three-count superseding indictment in the instant case against Manuel Mares-Martinez,
      Juan Octavio Cienfuegos-Ramirez, Benito Ybarra, and Manuel Gonzalez-Gonzalez, initiated
      during an investigation conducted by the Drug Enforcement Administration (DEA) in
      Houston, Texas, in August, 1996. The focus in the 1996 investigation was directed at
      Mauricio Ramos-Gonzalez, a Mexican national, and his cocaine distribution network from
      Mexico into the United States. During the investigation, Manuel Mares-Martinez and Manuel
      Gonzalez-Gonzalez were identified by agents as cocaine distribution brokers who worked
      under Mauricio Ramos-Gonzalez. In June, 1998, Manuel Mares-Martinez was identified
      during a U.S. Customs undercover narcotics investigation for soliciting the transport of three
      hundred (300) kilograms of cocaine from Houston, Texas, to New York. In April, 1999,

4

Case 1:00-cv-00119   Document 1   Filed in TXSD on 08/01/2000   Page 12 of 15

## (Exhibit (B))

76    Due to his unstable work history, Mr Ybarra estimated he earned an average of $600 00 a
      month  His wife and children receive $750 00 a month in government assistance

77    He reported his only asset is his wife's 1988 Subaru sedan valued at $900.00.  The defendant
      has no cash on hand and listed no other assets.

78    Mr Ybarra denied he has any outstanding loans he pays on   An inspection of his credit record
      revealed the state of Washington filed a $7,500 00 lien against Mr Ybarra in 1994 for a
      delinquent child support obligation   His file lists numerous unpaid accounts in collection,
      totaling $1,784 00.

79    A review of the defendant's monthly living expenses revealed that prior to his incarceration
      he had a positive monthly cash flow of $390 00

### PART D. SENTENCING OPTIONS

#### Custody

80    **Statutory Provisions:** The mandatory minimum term of imprisonment is five (5) years, and
      the maximum term is forty (40) years pursuant to 21 U S C  §§ 841(a)(1), 841(b)(1)(B) and
      18 U.S C  § 2

81    **Guideline Provisions:** Based on a total offense level of twenty-six (26) and a criminal history
      category of II, the guideline range for imprisonment is seventy (70) to eighty-seven (87)
      months, and is found in Zone D of the Sentencing Table.  U S S G. Chapter 5, Part A.

82    Because the applicable guideline range is in Zone D of the Sentencing Table, the minimum
      term shall be satisfied by a sentence of imprisonment pursuant to U S S G § 5C1 1(f)

#### Impact of Plea Agreement

83    As part of the plea agreement, the government agrees that the defendant may be eligible for
      early acceptance of responsibility, to a low end recommendation of the applicable sentencing
      guideline range, and dismissal of the remaining counts  The government further agreed that
      the defendant may be eligible for the safety valve provision.  If the Court accepts the
      government's recommendation to grant the defendant credit early for acceptance of
      responsibility (-3), the total offense level would be twenty-three (23) resulting in a guideline
      range of imprisonment between fifty-one (51) to sixty-three (63) months   The fine range
      would be from $10,00 00 to $2,000,000 00

18

Case 1:00-cv-00119   Document 1   Filed in TXSD on 08/01/2000   Page 13 of 15

## Exhibit (C)

33. In the 1998 negotiation to deliver the three hundred (300) kilograms of cocaine, Manuel Mares-Martinez is ultimately held accountable for the "one hundred (100) pounds" of cocaine. Samuel Cavazos was identified by agents as a local and "small time" drug dealer who worked under Mares-Martinez and contacted the agent for Mares-Martinez as needed. Cavazos set up the initial meeting with the agent on behalf of Mares-Martinez. It was Mares-Martinez who entered the picture and had the authority to negotiate the terms of the transportation. Mares-Martinez then traveled from San Benito to Houston to organize the delivery and was observed in the company of Luis Rendon, the son of a known narcotics trafficker. On June 24, 1998, Mares-Martinez called his last meeting with the agent and advised that he only had "one hundred (100) pounds" of cocaine to transport instead of the original amount of three hundred (300) kilograms.

34. In the 1999 seizure, Manuel Mares-Martinez, **Benito Ybarra**, and Juan Octavio Cienfuegos-Ramirez, are held equally accountable for the entire 259.3 kilograms (570.5 pounds) of marihuana. Agents debriefed **Benito Ybarra** and Juan Octavio Cienfuegos-Ramirez and determined Manuel Mares-Martinez brokered the delivery of the marihuana, which was owned by an unindicted co-conspirator, Baldemar Puente. Manuel Mares-Martinez recruited **Benito Ybarra** and Juan Octavio Cienfuegos-Ramirez to assist in the delivery of the marihuana to the home of Rudy Garcia, an unindicted co-conspirator. Rudy Garcia was to deliver the marihuana from San Benito to Dallas, Texas. Both **Ybarra** and Cienfuegos-Ramirez stated Mares-Martinez promised to pay them $300.00 to assist in the transport of the marihuana from Brownsville to San Benito. **Benito Ybarra** used his Suburban to transport the marihuana. Juan Octavio Cienfuegos-Ramirez verified the pick up and drop off arrangement and drove Mares-Martinez in his vehicle during the marihuana transport. Mares-Martinez exercised his authority and managerial role during the criminal conspiracy by recruiting **Ybarra** and Cienfuegos-Ramirez, and overseeing the marihuana delivery from Brownsville to the home of Rudy Garcia.

### Victim Impact:

35. There are no identifiable victims of the offense.

### Adjustment for Obstruction of Justice

36. The probation officer has no information to suggest that the defendant impeded or obstructed justice.

### Adjustment for Acceptance of Responsibility

37. On November 15, 1999, the defendant tested positive for cocaine by an on-site examination conducted at the U.S. Pretrial Services Office in Brownsville, Texas. The defendant admitted to his pretrial officer that he used cocaine two (2) days prior to the test. Pharmchem Laboratories confirmed the test was positive for cocaine. Furthermore, a previous urine exam

10

**BENITO YBARRA**
*(Petitioner)*

**UNITED STATES OF AMERICA**
*(Respondent(s))*

**DECLARATION IN SUPPORT
OF REQUEST
TO PROCEED
IN FORMA PAUPERIS**

United States District Court
Southern District of Texas
FILED

AUG 0 1 2000

Michael N. Milby
Clerk of Court

I, **BENITO YBARRA** declare that I am the petitioner
in the above entitled case; that in support of my motion to proceed without being required to prepay fees,
costs or give security therefor, I state that because of my poverty I am unable to pay the costs of said
proceedings or to give any security therefor; that I believe I am entitled to relief.

Are you presently employed?   ☐ Yes   ☒ No

**B-00-119**

a.   If the answer is yes, states the amount of your salary or wages per month, and give the name
and address of your employer.

b.   If the answer is no, state the date of last employment and the amount of salary and wages per
month which you received.

MAN PoweR    Nov. 99

Have you received, within the past twelve months, any money from any of the following sources?

a.   Business, profession, or form of self employment?   ☐ Yes   ☒ No
b.   Rent payment, interest or dividends?   ☐ Yes   ☒ No
c.   Pension, annuities or life insurance payments?   ☐ Yes   ☒ No
d.   Gifts or inheritances?   ☐ Yes   ☒ No
e.   Any other sources?   ☐ Yes   ☒ No

If the answer to any of the above is yes, describe each source of money and state the amount
received from each during the past twelve months.

NONE

Do you own any cash, or do you have any money in a checking or saving account?  (Include any
funds in prison accounts)

If the answer is yes, state the total value of the items owned.

$150.00   PRison ACCOUNT

Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding
ordinary household furnishings)?   ☐ Yes   ☒ No

If the answer is yes, state the total value of the items owned.

NONE

**PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY**

Page # 8 of 9

List the persons who are dependant upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support.

wife - MARIA C. YbARRA

I, declare *(or certify, verify or state)* under penalty of perjury that the foregoing is true and correct.

Executed on _____ 7-14-00 _____
                        *(date)*

*Benito G. Ybarra*
*Signature of Petitioner*

## CERTIFICATE

I certify that the Petitioner herein has the sum of $ 150.00

on account to his credit at the FCIM Beaumont (Federal prison)

institution where he is confined. I further certify that Petitioner likewise has the following securities to his

'it according to the records of said _____ institution _____

DATED 7/14/00

_____
*Authorized Officer of Institution*

Counselor
*Title of Officer*

PETITION FOR WRIT OF HABEAS CORPUS BY A PERSON IN FEDERAL CUSTODY