IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

BROWNSVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | United States District Court<br>Southern District of Texas<br>FILED |
| Respondent, ) | NOV 0 1 2000 |
| v. ) | Michael N. Milby<br>Clerk of Court |
| | C.R. No. B-99-362-S1 |
| BENITO YBARRA, ) | Reply Brief |
| Petitioner. ) | |
| (C.A. No. B-00-119) ) | |

PETITIONER'S REPLY TO RESPONDENT'S

ANSWER TO § 2255 MOTION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Benito Ybarra, pro se Petitioner, hereafter "Petitioner," hereby submits this timely reply to Respondent's answer to § 2255 motion.

The Respondent's answer to Petitioner's § 2255 motion is inconsistent with the facts of the case. Petitioner's opening brief presents three issues.

### ISSUE (A)

#### ACCEPTANCE OF RESPONSIBILITY

The Respondent relies on two cases, both of which discuss criminal conduct while on "pretrial release." Petitioner contends that the cases cited are in conflict with the plain language of the statute governing acceptance of responsibility. The United States Sentencing Guidelines § 3E1.1, Acceptance of Responsibility, clearly outlines the requirements for acceptance of responsibility, which states, in part, as follows:

Page 1

(1) timely provides complete information to the government concerning his own involvement in the offense, **OR**

(2) timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently...

Under COMMENTARY, Application Note, 1(a), which states in part:

Note that a defendant is not required to volunteer, or affirmatively admit, relevant conduct beyond the offense of conviction in order to obtain a reduction under subsection (a).

It is clear that the Sentencing Commission's intentions for acceptance of responsibility are concerned with the "offense of conviction." In regards to Petitioner's offense of conviction, Petitioner fully accepted responsibility for his offense, and fully cooperated with authorities, as required under 3E1.1 of the United States Sentencing Guidelines. There is not provision in 3E1.1 that provides an avenue for the government to deny Petitioner a reduction for acceptance of responsibility based on Petitioner testing positive for drugs while on "pretrial release." Therefore, this Court should overrule the findings in, **United States v. Rickett**, 89 F.3d 224 (5th Cir. 1996), and grant Petitioner a reduction in sentence for acceptance of responsibility. Had Petitioner been aware that the government was going to deny Petitioner the reduction for acceptance of responsibility, Petitioner would have pled not guilty and insisted on going to trial. Prior to entering a plea of guilty, the government and defense counsel led Petitioner to believe that Petitioner would receive a reduction for acceptance of responsibility. Therefore, the government and defense counsel misled and tricked Petitioner into pleading guilty under the pretense that Petitioner would receive the reduction. The was a violation of Petitioner's due process rights as discussed in the Supreme Court ruling in, **Santobello v. New York**, 404 U.S. 257, 30 L.Ed.2d 427, 92 S. Ct. 495 (1971). Petitioner contends that the Court should vacate

Page 2

Petitioner's sentence and remand this case for resentencing with instructions to reduce Petitioner's sentence for acceptance of responsibility.

### ISSUE (B)

### MINIMUAL OR MINOR PARTICIPANT

Petitioner contends that all records reflect that Petitioner's role in the offense was minimal or at least minor. Respondent has failed to show otherwise. It is clear that Petitioner's counsel was ineffective for failure to object to, prior to sentencing, and appeal the government's failure to reduce Petitioner's sentence for minimal or minor participation in this case. The record reflects in the presentence investigation report, and the government cannot dispute, that Petitioner was only a delivery boy and Petitioner made no profit from the marijuana that Petitioner transported a shot distance. Petitioner would have only been paid $300 for making the delivery, had Petitioner not been arrested. This is all fully discussed in the presentence investigation report. According to Respondent's answer, Petitioner is being denied the minimal or minor role because of the quantity of drugs involved. However, conclusion is inconsistent with other court rulings. See, __United States v. Rodriguez De Varon__, 136 F.3d 740 (11th Cir. 1998), where the Court ruled that, "defendant could not be denied minor role adjustment based solely on amount of herion she imported." Petitioner contends that the amount of drugs might be a factor if Petitioner was making the money from those drugs, but, Petitioner was only a delivery boy that was going to be paid only $300 for delivering some marijuana a short distance. Respondent quotes three cases that support Petitioner's position, which states as follows: "The defendant bears the burden of proving that his role in the offense was minor or minimal." The government's own record proves that Petitioner's role in the offense was minor of minimal. The presentence investigation report gives a clear description of Petitioner's one time involvement and the fact that Petitioner was only a delivery boy that was to be paid a total of $300 for the delivery.

Page 3

Petitioner has established and born the burden of proving Petitioner's minimal or minor participation in the offense, with the government's own record. Therefore, the Court should vacate Petitioner sentence and remand this case for resentencing with instruction for the Court to depart downward for Petitioner's minimal or minor role in the offense.

## ISSUE (C)

### SAFETY VALVE

Petitioner's argument concerning the "safety-Valve" provision has merit. Prior to Petitioner entering a plea of guilty, defense counsel informed Petitioner that Petitioner qualified for the "Safety-Valve" provision. Petitioner pled guilty with the understanding that the "Safety-Valve" provision applied and that Petitioner would receive a reduction in sentence based on the "Safety-Valve" provision.

Therefore, Petitioner was trick and misled into pleading guilty. According to the Supreme Court ruling in, <u>Santobello v. New York</u>, 404 U.S. 257, 30 L.Ed.2d 427, 92 S. Ct. 495 (1971), if a plea of guilty is the product of misrepresentation or trickery, the plea cannot stand. Additionally, Petitioner's plea agreement and presentence investigation report discussed the "Safety-Valve" provision which was misleading to Petitioner. Further, according to the Supreme Court ruling in. <u>Boykin v. Alabama</u>, 395 U.S. 238, 23 L.Ed.2d 274, 89 S. Ct. 1709 (1969), a plea of guilty cannot be voluntary unless it is knowingly and intelligently entered. The failure of the Court, and Petitioner's counsel, to inform Petitioner, prior to Petitioner entering a plea of guilty, that Petitioner would not receive the "Safety-Valve" provision precluded Petitioner for entering a knowing and intelligent plea. Therefore, the plea was not voluntary.

The Respondent's argument that Petitioner has more than one criminal history point can be resolved by the government reducing Petitioner's criminal history points to one, which would then comply with Petitioner's beliefs that Petitioner

Page 4

would receive the "Safety-Valve" provision in exchange for a plea of guilty. This is most certainly within the powers of the government. Had Petitioner been aware that the government was not going to give Petitioner a downward departure under the "Safety-Valve" provision, Petitioner would have pled not guilty and insisted on going to trial.

According to, <u>United States v. Nelson</u>, 222 F.3d 545 (9th Cir. 2000), "The government's statements in a plea agreement and at a change of plea hearing indicating a belief that the defendant was eligible for a safety-valve reduction from mandatory minimum sentence created a commitment not to oppose the defendant's request for a safety-valve reduction, and, thus. the government violated the plea agreement by actively opposing eligibility." Prior to Petitioner entering a plea of guilty, Petitioner was led to believe by defense counsel, and the government, that Petitioner was eligible for the "Safety-Valve" provision. Neither the Court, nor defense counsel, informed Petitioner of criminal history points, or that criminal history points would effect the "Safety-Valve" provision. Therefore, as outlined above and in Petitioner's opening brief, § 2255, Petitioner was misled and tricked into pleading guilty under the guise of receiving a downward departure under the "Safety-Valve" provision. Therefore, as explained in, <u>Santobello v. New York</u>, the government is obligated to adhere to Petitioner's belief that Petitioner would receive the "Safety-Valve" provision, even if it means that the government must reduce Petitioner's criminal history points to one, to comply with what Petitioner reasonably understood would be the case in exchange for a plea of guilty. The Court should vacate Petitioner's sentence and remand this case for resentencing with instructions for the Court to apply the "Safety-Valve" provision in this case.

## CONCLUSION

Petitioner asserts that the Court should vacate Petitioner's sentence and remand this case for resentencing, with instructions to grant the relief requested in this § 2255 motion

*Benito Ybarra* (signature)
Benito Ybarra

Page 5

## CERTIFICATE OF SERVICE

I, Benito Ybarra, pro se Petitioner in the foregoing Reply to Respondent's Answer to § 2255 motion, hereby certify that I mailed the original and two true and correct copies of said motion to the following:

Clerk of the Court
United States District Court
Southern District of Texas
P.O. Box 2163
Brownsville, Texas 78522

and one copy to:

United States Attorney's Office
Southern District of Texas
600 E. Harrison St., #201
Brownsville, Texas 78520-7114

on this 22nd day of October, 2000.

*Benito Ybarra*

Benito Ybarra
Reg. #86763-079
F.C.I. - Medium
P.O. Box 26040
Beaumont, Texas 77720

Page 6