7

United States District Court
Southern District of Texas
ENTERED

JAN 10 2001

Michael N. Milby, Clerk of Court
By Deputy Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

BENITO YBARRA §
§
§
v. § CIVIL ACTION NO. B-00-119
§ (CRIMINAL NO. B-99-362-S1)
UNITED STATES OF AMERICA §
§
§

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### BACKGROUND

Pursuant to 28 U.S.C. § 2255, Petitioner Benito Ybarra now files a timely motion to vacate, set aside, or correct his sentence.[1] This court sentenced Petitioner on May 1, 2000, pursuant to a plea agreement.[2] Petitioner did not appeal his 70-month sentence, but now asks that this court vacate the sentence and remand his case back with instructions that he be given a shorter sentence. In support of his current motion, Petitioner asserts (1) that the sentencing court should have awarded him a three level credit for acceptance of responsibility, (2) that he should have received a four level reduction under USSG § 3B1.2(a) because he was a "minimal participant," (3) that he was entitled to the "safety valve" reduction because he met all five criteria of 18 U.S.C. § 3553 (f), and (4) that his defense counsel was ineffective for failing to object to and appeal the sentencing court's guideline computations.[3]

### LEGAL PROVISIONS

Where a petitioner's sentence does not exceed the maximum sentence allowable for his convicted offense, a claim that the court misapplied the sentencing guidelines will not present a constitutionally cognizable § 2255 claim.[4] Where a petitioner cannot present a cognizable § 2255

---

[1] Pleading No. 1.

[2] Id. page 5.

[3] Supra FN1.

[4] United States v. Williamson, 183 F.3d 458, 462 (5th Cir.1999) (stating that a claim asserting a misapplication of sentencing guidelines is not cognizable under § 2255 and citing United States v. Segler, 37 F.3d 1131, 1134

claim, the court hearing the petitioner's § 2255 motion may not grant him relief.[5] Moreover, a petitioner may not excuse his failure to assert his incognizable § 2255 claims on direct appeal, merely because his attorney refuses to file an appeal on the basis of those claims.[6] Finally, where a sentencing court properly applies the sentencing guidelines to a defendant's case, a defendant's counsel does not render ineffective assistance of counsel for failing to appeal the sentencing court's application.[7]

## LEGAL PROVISIONS APPLIED

Petitioner Benito Ybarra has failed to assert a cognizable § 2255 claim because (1) his claim that the sentencing court improperly applied the sentencing guidelines does not assert a violation of constitutional magnitude, (2) his claim that the sentencing court improperly applied the sentencing guidelines is factually inaccurate, and (3) his ineffectiveness of counsel claims are, therefore, unsupported. Although Petitioner claims that he would have insisted upon going to trial if he had known that the court was going to depart from the government's recommendation,[8] the record reflects that Petitioner verbally acknowledged, in open court, his understanding that the court was not bound by the government's recommendation.[9] Before entering his guilty plea, Petitioner conceded his understanding that he did not have the right to withdraw his guilty plea even if the court decided not to take the government's recommendation.[10] Moreover, the record makes clear that the sentencing court properly applied the sentencing guidelines in Petitioner's case.[11]

---

(5th Cir.1994)); *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir.1994) ("A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255.").

[5] *Id.*

[6] *United States v. Faubion*, 19 F.3d 226, 232-33 (5th Cir.1994) (noting that because defendants may file for appeal on their own, despite their counsel's refusal to do so, defendant's may not bring incognizable § 2255 claims collaterally, merely because they had the right to assert such claims on direct appeal, but failed to do so).

[7] *Id.*

[8] Pleading No. 6, page 5.

[9] *See* B-99-362-S1, Re-arraignment Proceedings, pages 27-29.

[10] *Id.*

[11] *See United States v. Hooten*, 942 F.2d 878, 883 (5th Cir.1991)(a sentencing court may refuse to reduce a defendant's sentence for early acceptance of responsibility when the defendant fails to refrain from criminal activity while on pretrial release.);*United States v. Rickett*, 89 F.3d 224, 226-27 (5th Cir.1996); *United States v. Valencia-Gonzales*, 172 F.3d 344, 346 (5th Cir.1999) cert. denied, --- U.S. ----, 120 S.Ct. 222, 145 L.Ed.2d

As Petitioner acknowledges in his brief, this court would have to overrule valid Fifth Circuit precedent in order to grant him relief.[12] Because the sentencing court was not in error, Petitioner cannot demonstrate that his counsel's failure to object or appeal the sentencing computations prejudiced him in any way. Therefore, because it is clear from the face of the record that Petitioner's claims are both erroneous and incognizable under § 2255, this court must deny Petitioner's Motion without a hearing.[13]

## RECOMMENDATION

For the above-stated reasons, it is recommended that Petitioner's § 2255 Motion be DENIED. Because Petitioner has failed to allege any facts which show that he is entitled to relief, this Court may summarily dismiss Petitioner's Motion.[14] A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon the grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusion accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United States Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

DONE in Brownsville, Texas this 9th day of January, 2001.

Felix Recio
United States Magistrate Judge

---

187 (1999); *United States v. Hare,* 150 F.3d 419, 427 (5th Cir. 1998) (holding that fifty pounds of marijuana is "not a small amount of drugs.") (reversed on other grounds by *United States v. Doggett,* 230 F.3d 160, 163 (5th Cir. 2000)); 18 U.S.C. § 3553 (f) (limiting the application of the "safety valve" reduction to defendant's who possess no more than one criminal history point).

[12] *See* Pleading No. 6, page 2.

[13] *United States v. Smith*, 915 F.2d 959, 964-65 (5th Cir. 1990).

[14] *Id.*